IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MARGUERITE WILKES OBO )
DYASHAY G. HARRELL, a minor, )
                                                                                             )
        Plaintiff, )
                                                                                           )     Civil Action
vs. ) No. 06-3042-CV-S-JCE-SSA
                                                                                           )
MICHAEL J. ASTRUE,[1] )
Commissioner of Social Security, )
                                                                                           )
        Defendant. )

## **O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for child's supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. Pursuant to 42 U.S.C. § 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be remanded.

### Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991); Briggs v. Callahan, 139 F.3d 606, 607-08 (8th Cir. 1998). "Substantial evidence exists when a reasonable mind would conclude

---

[1] The name of the Commissioner of Social Security, Michael J. Astrue, has been substituted for that of the former commissioner.

1

that the evidence is adequate to support the decision, 'consider[ing] evidence that detracts from the Commissioner's decision, as well as evidence that supports it.'" Rucker for Rucker v. Apfel, 141 F.3d 1256, 1259 (8th Cir. 1998), quoting Briggs, 139 F.3d at 608. If it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

Under the standard for defining childhood disabilities under the Social Security Act, a child is considered disabled if the child has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations" and lasts for a period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i),(ii). The law discards the "comparable severity" to an adult disability test of the old standard in favor of a showing of "marked and severe functional limitations." Rucker, 141 F.3d at 1259. "[T]his new test imposes a more stringent standard for evaluating childhood disability claims than the earlier test." Id. (citation omitted).

The steps in evaluating a disability for children requires a finding that the child is not engaged in substantial gainful activity and that there is a severe impairment. 20 C.F.R. § 416.924. The ALJ must also find that the impairment meets, medically equals, or functionally equals in severity a listed impairment. 20 C.F.R. § 416.924(d). If a child has a severe impairment or combination of impairments that does not meet or medically equal any listing, as the ALJ determined in this case, the Commissioner will decide whether the plaintiff has limitations that "functionally equal the listings" of disabling conditions. *See* 20 C.F.R. § 416.926a(a) (2002). To equal the listings functionally, the impairment or impairments must be of

2

listing-level severity, i.e., result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. Id.

There are six domains: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi) (2002). A child has a marked limitation in a domain if the impairment "interferes seriously" with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2) (2002). A marked limitation can also be found if the child has a valid score that is two standard deviations or more below the mean, but not less than three standard deviations, on a comprehensive standardized test designed to measure a particular domain. 20 C.F.R. § 416.926a(e)(2)(iii) (2002). An extreme limitation "interferes very seriously" with such an ability. 20 C.F.R. § 416.926a(e)(3) (2002). Additionally, a child can be characterized as having an extreme limitation if his test scores are at least three standard deviations below the mean. 20 C.F.R. § 416.926a(e)(3)(iii) (2002).

Discussion

Plaintiff has filed an application for child's SSI benefits. She was eight years old at the time of hearing before the ALJ.

Plaintiff's mother testified that plaintiff has a mental impairment because she is an eight-year-old at the level of a four-year old. She stated that she was home-schooling plaintiff, which she had been doing for about the past ten months. She home-schooled because she thought it would be best. It was the mother's opinion that her daughter was doing about the same in school, and that even though she wrote her full name, address, and phone number for her every

3

day, she still didn't seem to know it. The mother testified that when plaintiff was in school, she had extra assistance in speech and language, but she wasn't sure if it helped because she had to change schools. It was her testimony that she had to stand over plaintiff to have her get her work completed, that she didn't do her chores at home, saying that she was tired or forgot them, that it depends on what she has to put on as to whether she can dress herself independently, and she puts her shoes on the wrong feet. She recalled that plaintiff's reading level was far under grade level when she was in school, and now that she's being home-schooled, she is doing well with preschool work. Plaintiff talked to the ALJ briefly about a picture she had colored during the hearing. Plaintiff's mother expressed concern that the fact that she was home-schooling her daughter might be to her disadvantage.

The ALJ found that the medical evidence established that plaintiff "has been diagnosed with a learning disability and speech/language delay, but the severity of these impairments does not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4." [Tr. 27]. She further found that plaintiff "has no evidence of limitation or less than marked limitations in acquiring and using information; interacting and relating with others; moving about and manipulating objects; caring for yourself; health and physical well-being; and marked limitations in attending and completing tasks." [Id.]. Therefore, it was her finding that plaintiff was not under a disability.

Plaintiff contends that the ALJ erred in not finding plaintiff's mother's testimony credible; that she erred in failing to fully develop the record of an unrepresented plaintiff; and that the case should be reversed, or at the least, remanded for evaluation and consideration of new and material evidence.

4

It is defendant's contention that the ALJ properly assessed plaintiff's limitations in the six broad areas of functioning, and found that she was not disabled because she did not exhibit a "marked" limitation in two broad areas of functioning or an "extreme" limitation in one such area of functioning. It is further asserted that the record was fully and fairly developed, and that there was not material new evidence that required a remand.

A full review of the record indicates that plaintiff was not represented by an attorney or other hearing representative. Rather, her mother appeared on her behalf, and waived the right to have formal representation. The majority of plaintiff's mother's comments have been recited herein. At the hearing, the ALJ considered plaintiff's school records, including an Individualized Educational Program ["IEP"] Evaluation prepared on January 30, 2003, a Childhood Disability Evaluation form prepared by a non-examining State agency employee on August 17, 2003, and a report dated May 12, 2004, prepared by a speech-language pathologist. Ms. Mathis's report indicated that plaintiff was functioning at more than three standard deviations below the mean in her total language score, and obtained an age-equivalent score of four years, four months, at a time that she was eight years and two months old. The ALJ did not order any clinical testing and/or evaluations regarding whether plaintiff's speech functioning suggested an underlying mental component, in addition to her speech/language delay and learning disorder. Additionally, she did not utilize a Medical Expert at the hearing.

The law is clear that "the ALJ has a duty to develop the facts fully and fairly, particularly where the claimant is unrepresented by counsel." Highfill v. Bowen, 832 F.2d 112, 115 (8th Cir. 1987), quoting Driggins v. Harris, 657 F.2d 187, 188 (8th Cir. 1981)(per curiam). "Although mere lack of counsel does not in itself deprive a claimant of a fair hearing, it does enhance the

ALJ's duty to bring out the relevant facts." Highfill, 832 F.2d at 115 (citations omitted). The Court's focus must be whether plaintiff was prejudiced or treated unfairly by the manner in which the ALJ did or did not develop the record. Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993). Absent a showing of unfairness or prejudice, remand is not required. Id.

Having fully reviewed the record, the Court finds that remand is appropriate in this case. Given the fact that plaintiff was unrepresented by counsel, the Court finds that, based on the totality of the record, plaintiff was prejudiced by the ALJ's failure to fully develop the record regarding her possible mental impairments. While the evidence suggests the possibility of a mental deficiency, the ALJ did not order any neurological or psychiatric evaluations. She relied instead on the findings of a non-examining State agency medical consultant, who reached the conclusion that plaintiff, while suffering from a speech/language delay and a learning disorder, did not have a significant mental impairment. Additionally, plaintiff has submitted new evidence, an evaluation by Deborah Cox, Ph.D., prepared on January 28, 2005. Dr. Cox found that plaintiff's full scale IQ was 64, which plaintiff contends establishes the first prong of the listed impairment for Mental Retardation. Defendant contends that this evidence is questionable, and does not show that plaintiff suffers from both subaverage general intellectual functioning and significant deficits in adaptive functioning.

The Court finds that the record was simply not adequately developed in this case in terms of a full-scale psychological and/or neurological evaluation. Further, the new evidence appears to be material, does show that plaintiff has an IQ score within the necessary range, and suggests that she may meet a listed mental impairment. This case clearly warrants a remand. Accordingly, the Court finds that there is evidence in the record to suggest that plaintiff was

6

prejudiced by the ALJ not having fully developed the record on her possible mental impairment.

It is therefore the finding of the Court that the case should be remanded as a sentence four remand, pursuant to 42 U.S.C. § 405(g), for a new decision for purposes of determining the degree whether plaintiff has a mental impairment that constitutes a disability. Therefore, the Court will grant plaintiff's motion for remand, and will deny defendant's motion in support of the administrative decision.

For the foregoing reasons, this Court finds that the ALJ erred in failing to develop the record regarding plaintiff's mental impairments. Therefore, the case must be remanded.

It is therefore

ORDERED that plaintiff's motion for remand be, and it is hereby, granted. It is further

ORDERED that defendant's motion in support of the administrative decision be, and it is hereby, denied. It is further

ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), this matter be remanded to the Commissioner for further proceedings consistent with this opinion.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date:       3/16/07